**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ODESSA SORRELLS** | § | |
| | § | |
| **V.** | § | **CAUSE NO. A-06-CA-718-LY** |
| | § | |
| **FIRE MOUNTAIN RESTAURANTS,** | § | |
| **INC., F/K/A RYAN'S FAMILY** | § | |
| **STEAKHOUSE EAST, INC.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion for Summary Judgment. On April 6, 2007, Judge Yeakel referred all dispositive motions to the Court for a Report and Recommendation.

**BACKGROUND**

The facts of this diversity jurisdiction case are relatively straightforward. On May 18, 2004, Plaintiff, an Austin resident, and her daughter decided to eat at Defendant's establishment – then operating under the moniker "Ryan's Steak House"[1] – a buffet-style restaurant in Austin, Texas. As she was serving herself a dinner roll, she claims that steam, escaping from a crevice between the buffet apparatus and the pan holding the rolls, burned her hand. Plaintiff now brings suit against

---

[1] Defendant now operates as Fire Mountain Restaurants. It is incorporated in Delaware and has its principal place of business in South Carolina. *See* Defendant's Notice of Removal at 2 (Clerk's Doc. No. 1).

Defendant alleging a premises defect cause of action, claiming that the steam posed an unreasonable risk of harm.  Defendant filed a motion for summary judgment which is now ripe for Report and Recommendation.

## STANDARD OF REVIEW

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c);  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986);  *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).  A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986);  *Ragas*, 136 F.3d at 458.  Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue.  *Matsushita*, 475 U.S. at 586.  Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.

2

1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## ANALYSIS

The plaintiff in a premises liability case must establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm and that the condition proximately caused the plaintiff's injuries. *Brinson Ford, Inc. v. Alger*, 228 S.W. 3d 161, 162 (Tex. 2007). The duty a premises owner owes to its invitees is not that of an insurer. *Id*. at 162-63. That is to say, a condition is not unreasonably dangerous simply because it is not foolproof. *Id*. at 163. A condition is unreasonably dangerous if it presents an unreasonable risk of harm. *Id*. A condition poses an unreasonable risk of harm for premises-defect purposes when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would

have foreseen it or some similar event as likely to happen. *County of Cameron v. Brown*, 80 S.W.3d 549, 556 (Tex. 2002). Foreseeability in this context "does not require that the exact sequence of events that produced an injury be foreseeable." *Id.* Instead, only the general danger must be foreseeable. *Id*.

The issue here is whether the steam from the buffet table posed an unreasonable risk of harm.[2] To prevail here, Plaintiff has to create a fact issue that Defendant had actual or constructive notice of the steam. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). In premises cases, constructive knowledge can be established by showing that the condition had existed long enough for the owner or occupier to have discovered it upon reasonable inspection. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102-03 (Tex. 2000).

Defendant contends that Plaintiff has proffered no summary judgment evidence on the issue of whether the steam posed an unreasonably dangerous condition. Plaintiff points to her and her daughter's deposition testimony that she burned her hand and medical records showing that she was indeed treated for a thermal burn on her right hand. She further contends that "[s]team is hot and it can cause much of what it comes into contact with to become excessively hot. The risk is

---

[2] Plaintiff seemed to initially contend (although it is not entirely clear) that the relevant facts were that she picked up the plastic tongs that were used for serving the rolls and, because the tongs were excessively hot, she moved her hand in such a way that it came in contact with the steam. *See* Plaintiff's Third Amended Complaint, *attached as* Exh E to Defendant's Motion for Summary Judgment (Clerk's Doc. No. 34). The tongs, however, are no longer an issue; Plaintiff's Response to the summary judgment motion makes clear that her complaint is with the presence of the steam. *See* Plaintiff's Response at 5, Clerk's Doc. No. 42 ("The real question is whether or not the steam that was created and used by the Defendant at the buffet tables was a dangerous condition not whether or not the tongs were a dangerous condition"). Given this, Plaintiff's objections to Defendant's summary judgment evidence insofar as they are related to the tongs are moot and **OVERRULED.**

unreasonable because food does not have to be self-served by customers from an excessively hot buffet table." *See* Plaintiff's Response at 6.

The proposition implicit in Plaintiff's argument is that because of the mere fact that she was burned by the steam there is a fact issue that must be resolved by the jury as to whether the steam posed an unreasonable risk of harm. The case Plaintiff cites for this proposition, however, does not stand for that particular black-letter rule.[3] Rather, Plaintiff must show that the steam posed an unreasonable risk of harm such that a reasonably prudent person would have foreseen invitees burning themselves (or some similar event) as likely to happen. *County of Cameron*, 80 S.W.3d at 556. This she has not done. Instead her summary judgment evidence works to undermine this very claim. The DVD recording submitted by Plaintiff of Defendant's security camera that overlooks the buffet table area does not, over the course of its nearly forty-plus minutes, show anyone else having a problem with steam rising from the any of the food trays. Moreover, Defendant has proffered the affidavit of a former manager of its restaurant where the incident took place (he is no longer employed by Defendant, and was not at the time affidavit was prepared) stating that in his roughly six years of employment prior to the incident in question no one had ever complained about being burned by the steam emanating from the buffet tables.[4] *See* Defendant's Motion, Exh B (Affidavit

---

[3] The Texas Supreme Court, in a variety of cases, has held that certain conditions do not *as a matter of law* pose an unreasonable risk of harm. *See, e.g.*, *M.O. Dental Lab. v. Rape,* 139 S.W.3d 671, 676 (Tex.2004) (holding that dirt in its natural state does not pose an unreasonable risk of harm); *Johnson County Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284 (Tex. 1996) (dirt containing small rocks that were kicked up into the spectator stands during rodeo did not pose an unreasonable risk of harm); *Brownsville Nav. Dist. v. Izaguirre*, 829 S.W.2d 159 (Tex.1992) (plain dirt that became soft and muddy did not pose an unreasonable risk of harm).

[4] This same evidence also tends to support granting the motion for summary judgment on the grounds that Plaintiff has not created a fact issue as to Defendant's actual or constructive knowledge of an allegedly unreasonable risk of harm from the steam. *See Reece*, 81 S.W.3d at 814.

of Scott Shorts).[5]  Plaintiff has not controverted any of this evidence.  Accordingly, the Plaintiff has

failed create a fact issue regarding whether steam escaping from the buffet table created an

unreasonable risk of harm such that a reasonably prudent person would have foreseen invitees being

burned by the steam.  The Court therefore recommends that Defendant's Motion for Summary

Judgment be granted.

## RECOMMENDATION

The Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for

Summary Judgment (Clerk's Doc. No. 34).

## WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing

objections must specifically identify those findings or recommendations to which objections are

being made.  The District Court need not consider frivolous, conclusive, or general objections. *See*

*Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations

contained in this Report within ten (10) days after the party is served with a copy of the Report shall

bar that party from *de novo* review by the District Court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from

---

[5]  Plaintiff objects that this evidence constitutes "an improper conclusion unsupported by fact and as such is irrelevant."  *See* Plaintiff's Response at 5.  This is a puzzling objection.  The Federal Rules of Civil Procedure pertaining to affidavits in clear, *see* FED. R. CIV. P. 56(e) ("[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"), and equally clear is that Shorts had personal knowledge of what he testified to.  *See* Fed. R. Evid. 602; *Brazos River Authority v. GE Ionics, Inc.*, 469 F.3d 416, 434 (5th Cir. 2006).  Therefore, Plaintiff's objections are **OVERRULED**.

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of November, 2007.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE